1  **BURSOR & FISHER, P.A.**
Yeremey O. Krivoshey (State Bar No. 295032)
2  1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
3  Telephone: (925) 300-4455
Facsimile: (925) 407-2700
4  E-mail: ykrivoshey@bursor.com

5  *Counsel for Plaintiff*

6

7                  **UNITED STATES DISTRICT COURT**

8              **NORTHERN DISTRICT OF CALIFORNIA**

9                     **SAN JOSE DIVISION**

10

11  TERRI NICHOLS, individually and on behalf of        Case No.
all other similarly situated,
12                                                      **CLASS ACTION COMPLAINT**
                    Plaintiff,
13                                                      **JURY TRIAL DEMANDED**
        v.
14
INTEGRITY MARKETING GROUP, LLC
15
                    Defendant.
16

17

18

19

20

21

22

23

24

25

26

27

28

---

CLASS ACTION COMPLAINT

Plaintiff Terri Nichols ("Plaintiff") bring this action on behalf of herself, and all others similarly situated against Defendant, Integrity Marketing Group, LLC ("Defendant").  Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to themselves, which are based on personal knowledge:

## NATURE OF THE ACTION

1.      Plaintiff seeks relief in this action individually, and on behalf of all others similarly situated, against Defendant regarding Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

2.      Plaintiff brings this Complaint to enjoin Defendant from continuing to call consumers whose numbers are listed on the National Do Not Call Registry and to obtain redress for all persons injured by its conduct.

## JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

4.      This Court has personal jurisdiction over Defendant because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

5.      Venue is proper in this District under 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## PARTIES

6.      Plaintiff, Terri Nichols, at all times mentioned herein, has resided in and has been a citizen of the State of California living in San Jose.

7.      Defendant, Integrity Marketing Group, LLC, is a limited liability company under the laws of Delaware, with a principal place at 1445 Ross Avenue, 22nd Floor, Dallas, Texas 75202.  Defendant conducts its insurance services business in this District and throughout the United States.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FACTUAL BACKGROUND**

8.      Plaintiff's residential phone number has been registered on the National Do-Not-Call Registry since March 30, 2022.  Defendant and/or one of Defendant's agents called Plaintiff on her residential cellular telephone from the number (620) 307-9257 on May 13, 2022 for the purpose of selling health insurance policies.  Plaintiff was transferred to an insurance broker with a call back number of (855) 918-1021.  Defendant and/or one of Defendant's agents called Plaintiff again on May 18, 2022 on her residential cellular telephone from the number (757) 769-5136 for the purpose of selling health insurance policies.  Plaintiff was transferred to an insurance broker with a call back number of (844) 342-5877.  Defendant placed these calls using an autodialer without Plaintiff's prior consent.

9.      On these calls, Defendant and/or one of Defendant's agents directed Plaintiff to insurance brokers for MedicareEnroll for the purposes of selling insurance policies.  MedicareEnroll is an insurance brokerage owned and operated by Defendant.

10.      Prior to the calls at issue in this action, Plaintiff had not had any contact with Defendant nor used any of Defendant's services.  She has never consented in writing, or otherwise, to receive telemarketing calls from Defendant.

11.      All of the unsolicited telemarketing calls at issue were made by Defendant or on behalf of Defendant for the purposes of selling health insurance policies.  Defendant knowingly made (and continues to make) unsolicited telemarketing calls to the telephones of Plaintiff and other consumers without the prior express consent of the call recipients.

12.      In making these calls, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.  Such calls are also harassing and a nuisance for Plaintiff and putative Class members.

**CLASS ALLEGATIONS**

13.      **Class Definitions**: Plaintiff brings this Complaint against Defendant, pursuant to Federal Rule of Civil Procedure 23, on behalf of herself and a class defined as all persons in the United States whose numbers are listed on the national do-not-call registry, and received two or

more telemarketing calls within any 12-month period from Defendant or its agents to their residential telephone number 31 or more days after the telephone number was listed on the national do-not-call registry (the "Class").

14.     Plaintiff represents, and is a member of, the proposed Class.  Excluded from the Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

15.     **Numerosity.**  Plaintiff does not know the exact number of members in the proposed Class, but reasonably believes, based on the scale of Defendant's business, that the Class is so numerous that individual joinder would be impracticable.

16.     **Existence and predominance of common questions of law and fact.**  Plaintiff and all members of the proposed Class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

17.     The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

18.     The proposed Class can be identified easily through records maintained by Defendant.

19.     There are well defined, nearly identical, questions of law and fact affecting all parties.  The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed Class.  Those common question of law and fact include, but are not limited to, the following:

        a.   Whether Defendant made telephone calls to Plaintiff and Class members without their prior express consent;

b.   Whether Defendant made two or more telemarketing telephone calls with a 12-month period to Plaintiff and Class members 31 or more days after those phone numbers were listed on the national do-not-call registry;

c.   Whether Defendant's conduct was knowing and/or willful;

d.   Whether Defendant is liable for damages, and the amount of such damages; and

e.   Whether Defendant should be enjoined from engaging in such conduct in the future.

20.   **Typicality.**  Plaintiff asserts claims that are typical of each member of the Class because she is a person who received two telemarketing calls on her residential telephone without prior express consent.  Plaintiff will fairly and adequately represent and protect the interests of the proposed Class and has no interests which are antagonistic to any member of the proposed Class.

21.   **Adequacy of Representation.**  Plaintiff will fairly and adequately represent and protect the interests of the proposed class, and has no interests which are antagonistic to any member of the proposed Class.

22.   Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

23.   **Superiority.**  A class action is the superior method for the fair and efficient adjudication of this controversy.

24.   Classwide relief is essential to compel Defendant to comply with the TCPA.

25.   The interest of the members of the proposed Class in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

26.   Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the Class, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

27.   Defendant has acted on grounds generally applicable to the proposed Class, thereby

making final injunctive relief and corresponding declaratory relief with respect to the proposed Class as a whole appropriate.

28.     Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**COUNT I**
**Knowing and/or Willful Violations of The Telephone**
**Consumer Protection Act, 47 U.S.C. § 227, *et seq.***

29.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.  Plaintiff brings this claim individually and on behalf of the Class against Defendant.

30.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

31.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed Class are entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

32.     Plaintiff and members of the proposed Class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

33.     Plaintiff and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

**COUNT II**
**Violations of The Telephone Consumer**
**Protection Act, 47 U.S.C. § 227, *et seq.***

34.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.  Plaintiff brings this claim individually and on behalf of the Class against Defendant.

35.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

36.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed Class are entitled to an award of $500.00 in statutory damages for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

37.     Plaintiff and members of the proposed Class are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

38.     Plaintiff and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed Class the following relief against Defendant:

(a)   Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

(b)   As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

(c)   As a result of Defendant's violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Class $500.00 in statutory damages for each and every call that violated the TCPA;

(d)   An award of attorneys' fees and costs to counsel for Plaintiff and the proposed Class;

(e)   An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate the Class, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firm representing Plaintiff as counsel for the Class; and

(f)   Granting such other and further relief as the Court may deem just and proper.

1

## JURY DEMAND

2

      Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any

3

and all issues in this action so triable of right.

4

5

Dated:  September 28, 2022                 Respectfully submitted,

6

7

**BURSOR & FISHER, P.A.**.

8

By:   /s/ *Yeremey Krivoshey*

9

Yeremey O. Krivoshey (State Bar No. 295032)

10

1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596

11

Telephone: (925) 300-4455
Facsimile:  (925) 407-2700

12

E-mail: ykrivoshey@bursor.com

13

*Counsel for Plaintiff*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28